IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-587-FL

| | | |
|---|---|---|
| CHOICE HOTELS | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| CAROLINA SUN HOSPITALITY, | ) | |
| LLC; KHALID DURRANI; and | ) | |
| FARRAH KHALID, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion to strike the answer filed January 30, 2019, as it pertains to defendant Carolina Sun Hospitality, LLC ("Carolina Sun Hospitality") (DE 9). Defendants have not responded to the motion and the time to do so has passed. In this posture, the issues raised are ripe for ruling. For the reasons that follow, plaintiff's motion is granted.

## BACKGROUND

Plaintiff initiated this action on December 12, 2018, alleging causes of action against defendants for trademark infringement, in violation of 15 U.S.C. § 1114; false designation of origin, in violation of 15 U.S.C. § 1125(a); unfair and deceptive trade practices, in violation of N.C. Gen. Stat. § 75-1.1.; and common law trademark infringement and unfair competition. Plaintiff seeks damages and injunctive relief. Defendant Carolina Sun Hospitality was served on January 11, 2019.[1]

---

[1] The docket does not show that defendant Khalid Durrani ("Durrani") or defendant Farrah Khalid ("Khalid") have been served in this matter.

On January 30, 2019, defendant Khalid Durrani, acting pro se, filed an answer to the complaint, ostensibly also on behalf of defendant Carolina Sun Hospitality. (DE 7). On February 7, 2019, plaintiff filed the instant motion to strike, arguing that defendant Durrani may not answer for defendant Carolina Sun Hospitality because he is not a licensed attorney.

## COURT'S DISCUSSION

Rule 12(f) states that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of the motion to strike is to avoid the waste of time and money that arises from litigating unnecessary issues. The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike." Godfredson v. JBC Legal Group, P.C., 387 F.Supp.2d 543, 547 (E.D.N.C.2005) (internal citations and quotation marks omitted). However, motions to strike are "generally viewed with disfavor because striking a portion of a pleading is a drastic remedy." Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir.2001) (internal quotation marks omitted). Furthermore, when considering a motion to strike against a pro se litigant, the court does not hold her to "the same stringent standards as attorneys." Sawyer v. Potash Corp. of Saskatchewan, 417 F.Supp.2d 730, 738 (E.D.N.C.2006).

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. "An individual unquestionably has the right to litigate his own claims in federal court, before both the district and appellate courts." Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005). "The right to litigate for oneself, however, does not create a coordinate right to litigate for others." Id. (emphasis omitted). The Fourth Circuit has

2

not expressly addressed the issue of whether a member may appear on behalf of an LLC under § 1654. However, other circuit courts have consistently held that corporations, partnerships, or associations may not appear in federal court "otherwise than through a licensed attorney." See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202-03 (1993) (collecting cases); Harrison v. Wahatoyas, L.L.C., 253 F.3d 552, 556 (10th Cir. 2001) ("[A] corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."). "Accordingly, a limited liability company can appear in court only through a licensed attorney because it is a business entity." Gilley v. Shoffner, 345 F. Supp. 2d 563, 566 (M.D.N.C. 2004) (internal citations omitted).

Defendant Durrani may not act on behalf of defendant Carolina Sun Hospitality by filing its answer, absent a showing that he is a licensed attorney able to practice before this court, and that he has met the procedural requirements for entering an appearance under this court's local rules. Defendant Durrani has made no such showing. Consequently, plaintiff's motion to strike is granted as it pertains to defendant Carolina Sun Hospitality. However, defendant Carolina Sun Hospitality is allowed an opportunity to cure this deficiency by appearing through counsel and filing a motion or responsive pleading. See Sawyer, 417 F.Supp.2d at 738.

## CONCLUSION

Based on the foregoing, plaintiff's motion to strike (DE 9) is GRANTED. Defendant Carolina Sun Hospitality is ALLOWED 21 days from the date of service of this order to appear through counsel and file motion or responsive pleading in this matter. Plaintiff is DIRECTED to immediately serve a copy of this order on defendant Carolina Sun Hospitality, and file an affidavit showing proof of service no later than 14 days from the date of this order.

SO ORDERED, this the 7th day of March, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge