# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

No.: 5:18-cv-00587-FL

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC. | )<br>)<br>) |
| Plaintiff | )<br>) |
| vs. | ) **ORDER**<br>) |
| CAROLINA SUN HOSPITALITY, LLC,<br>KHALID DURRANI and FARRAH KHALID | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the court on Defendants' Motion to Set Aside Entry of Default as to Carolina Sun Hospitality, LLC ("CSH") and Farrah Khalid ("Ms. Khalid") filed on June 1, 2019. For the reasons set forth below, Defendants' Motion is granted.

## BACKGROUND

On December 12, 2018, Plaintiff, Choice Hotels International, Inc. ("Plaintiff") filed the Complaint in the above-captioned case. On January 30, 2018, Defendant Khalid Durrani filed an Answer on behalf of CSH. On February 7, 2019, Plaintiff filed a Motion to Strike the Answer. On March 7, 2019, the Court granted Plaintiff's Motion to Strike the Answer. By Order, the Court allowed CSH 21 days to appear through counsel and file a motion or responsive pleading. On April 8, 2019, Plaintiff filed a Motion for Entry of Default. On May 1, 2019, the Clerk of Court entered default as to Ms. Khalid and CSH.

## COURT'S DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). However, Rule 55(c) allows the court to "set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). Although "good cause" is not specifically defined in the Rule 55(c), the Fourth Circuit has noted that District Courts should consider: 1) whether the moving party has a meritorious defense; 2) whether the defendant acted with reasonable promptness; 3) the personal responsibility of the defaulting party; 4) the prejudice to the non-moving party; 5) whether there is a history of dilatory action; and 6) the availability of sanctions less drastic. *Payne ex rel. Estate of Calzada v. Brake,* 439 F.3d 198, 204-205 (4th Cir.2006).

"The Courts have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits" *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 418 (4th Cir. 2010). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir.1969).

The Court finds that CSH and Ms. Khalid have each presented a meritorious defense through the affidavits of Khalid Durrani and Ms. Khalid. Further, both CSH and Ms. Khalid acted promptly upon learning of the Entry of Default by responding within one month. Lastly, Plaintiff will not be prejudiced by allowing CSH and Ms. Khalid to file an answer in this matter.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Set Aside Entry of Default is GRANTED. CSH and Ms. Khalid shall have 10 days from the date of service of this Order to file a responsive pleading or motion.

SO ORDERED, this the 13th day of June, 2019.

_____
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Proposed Order was served on counsel of record in this case via CM/ECF filing.

Dated: June 1, 2019.

**BA FOLK**

By: /s/ Amy Folk
Amy Folk
NC Bar No. 43785
afolk@bafolk.com
BA Folk
P.O. Box 90426
Raleigh, NC 27675
P. 919-825-1250
F. 919-882-8297

*Attorney for Defendants
Carolina Sun Hospitality, LLC, Khalid Durrani and Farrah Khalid*